Summons Issued

Receipt No 41072

Timothy C. Kelly
Kelly Law Office
Post Office Box 65
Emigrant, Montana 59027
406/333-4111 (voice)
406/333-9073

*Attorney for Plaintiff*

FILED
BILLINGS DIV.

2006 AUG 2 AM 11 58

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

District of Montana

Billings Division

| | |
|---|---|
| Lissa Power, ) | Case No. CV-06-110-BLG-RWA |
| Plaintiff, ) | |
| ) | COMPLAINT |
| versus ) | |
| ) | |
| Chris "Butch" Grenz and Miles City, ) | Jury Requested |
| ) | |
| Defendants. ) | |

COMPLAINT

1. This is an action by Miles City Chief of Police Lissa Power against Chris "Butch" Grenz, former mayor of Miles City and against Miles City, a municipal corporation, political subdivision and local governmental agency for acts of illegal discrimination based on gender and for illegal retaliation in violation of federal and state civil rights laws. Plaintiff claims injuries as a result of the discriminatory acts of the defendants. Plaintiffs seek declaratory and injunctive relief and damages from defendants for violations of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1983 for deprivation of plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, as well as corresponding state human rights laws and state laws prohibiting defamation.

1



## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 42 U.S.C. §1343 and §1331. The Court also has pendent jurisdiction over plaintiff's state law claim arising from the same core of operative facts.

3. Venue is proper under 28 U.S.C. §1391 in that the claims alleged herein include claims that arose within Custer County, Montana.

## PARTIES

4. Plaintiff Lissa Power is the police chief of Miles City.

5. Defendant Butch Grenz is a resident of Miles City, an employer, a former mayor-elect of Miles City, the former mayor of Miles City, a former local government official, and a former supervisor and employer of the plaintiff as defined in Montana Codes Annotated, Title 49.

6. Defendant Miles City is a municipal corporation, a political subdivision, a local Montana governmental agency and an employer of more than 50 employees, including the plaintiff, as defined in Montana Codes Annotated, Title 49.

## EVENTS

7. The period relevant to this complaint is September 2004 to the present and includes without limitation the period after Grenz was elected but before he took office as mayor of Miles City through his resignation in April 2006.

8. On various occasions during the period relevant to this complaint, Grenz, acting individually and in a private capacity, made false and malicious statements to third parties regarding Chief Power accusing her of unprofessional conduct and an improper relationship with one or more subordinates. Grenz knew the statements were false or were made with a reckless and intentional disregard for the fact the statements were false. Grenz intended to damage and injure Chief Power by those statements.

9. On various and repeated occasions during the period relevant to this complaint, Grenz referred to Chief Power as a "bitch" and made other gender based slurs against her and other women in the Miles City workplace. In addition, Grenz made repeated and continuous comments denigrating women – referring to them by patronizing or demeaning or insulting or derogatory references, telling obscene racially and gender based stories and jokes including statements encouraging abortions by nonwhite women and statements presenting his "old school" evaluation of women generally as inferior to and subject to men. The comments, remarks and evaluations were and would be offensive to reasonable women in the workplace, including the plaintiff, and were sufficiently pervasive and continuous to alter the terms and conditions of reasonable public employees of Miles City who are women. The defendant City, through Grenz and other officers, knew of the misconduct but failed and refused to take action to correct and remedy the workplace harassment by Grenz, refused to alter and amend its policies and practices requiring employees who had discrimination complaints to address them to Grenz, and thereby tolerated and condoned that misconduct.

10. In the fall of 2005, Grenz took action and made statements against a woman employed by the City as a building inspector, evaluated her employment in a manner that discriminated against women as a class and devalued or denigrated her ability to perform in the position based on gender. Grenz engaged in those discriminatory acts in public, represented the positions of defendant Miles City in doing so, and thereby infected the personnel practices of the city with a gender based discriminatory policy and/or practice.

11. At a public meeting and despite the fact that the woman building inspector was an employee of the city outside the police department, Chief Power objected to

3

and otherwise took action to oppose the gender based discriminatory policies, practices and statements of Grenz as described in the preceding paragraphs. Chief Power spoke publicly in opposition to those policies and practices. She objected to the discriminatory treatment of the female building inspector. She agreed to cooperate as a witness in a state and federal administrative proceeding filed against Grenz concerning his discriminatory practices. She filed her own complaint under state and federal laws against Grenz for illegal discrimination based on gender and for illegal retaliation.

12. In response to Chief Power's protected activities as described in the preceding paragraph, Grenz, individually and as the authorized agent and chief executive officer of Miles City, engaged in a pattern and practice of discriminating against Chief Power because she is a woman and because she had objected to his misconduct in office. He did so acting both within the scope of his authority as a governmental official and outside that authority. The acts of discrimination and retaliation included, without limitation, the following:

a. Actively interfering with Chief Power in the performance of her duties and responsibilities as chief of police;

b. Advancing the position and authority of a subordinate male police officer who had engaged in unprofessional conduct toward women and others and had been subject to the disciplinary processes of the police department;

c. Preventing the appointment or selection of the head of the reserve force based on merit and qualification in order to advance a male police officer who had engaged in unprofessional conduct toward women;

d. Breaching established chain-of-command protocols by discussing and planning police department policy and procedure with one or more male officers subordinate to the chief of police and doing so without notice to the

chief or an opportunity for her to participate;

e. Representing himself falsely by word or conduct as being the "acting" police chief;

f. Inserting himself into criminal investigations and obtaining and disclosing, contrary to professional law enforcement standards, confidential criminal justice information;

g. Making gender based derogatory slurs and remarks towards the plaintiff;

h. Threatening the plaintiff with termination of her employment, denying her compensation owed under established practices, and imposing terms and conditions on the performance of her duties and responsibilities that were intended to cause her injury or force her from her official position.

13. Miles City ratified and approved one or more of the discriminatory or retaliatory acts described in the preceding paragraph.

14. Miles City and Grenz failed and refused to discharge their affirmative obligations to assure adoption and training in policies and procedures intended to assure compliance with the state's fundamental policies of nondiscrimination.

15. Miles City and Grenz failed and refused (a) to analyze all their operations, including the performance of Grenz as mayor and including the city's evaluation and promotion and assignment policies and procedures regarding employees and reserve force members, to assure compliance with the state's fundamental policies of nondiscrimination and (b) to take appropriate and comprehensive remedial actions to correct deficiencies in the misconduct of the mayor and in the city's personnel practices.

16. As a direct and proximate result of the actions and omissions of the defendants as described above, Chief Power sustained a loss of compensation, out of

pocket expenses, interference with the performance of her job, injury to her professional reputation, compensable emotional harm and other injuries.

17. The circumstances of the defendants' failure to discharge their affirmative duties to assure compliance with the state's fundamental policies of nondiscrimination warrants the imposition of injunctive and affirmative relief to minimize the likelihood of future discrimination against women and to minimize the likelihood of future acts of retaliation against persons engaged in protected activities.

18. The actions of defendant Grenz taken against the plaintiff were done with an intent to injure, maliciously, and with reckless disregard and indifference to her state and federally protected rights.

19. The actions of defendants Grenz and Miles City were done in accordance with custom and practices of the city in disregard of state and federally protected rights.

20. Miles City had a duty to train and educate its officers and supervisory officials to comply with policies of nondiscrimination. The city failed and refused and neglected to discharge that duty and the plaintiff sustained the harm described above as a direct and proximate cause of that failure by the city.

21. The facts alleged in the preceding paragraphs are each incorporated into the causes of actions, denominated as Counts below, which are set forth as joint and alternative causes of action. With respect to those state claims set forth for defamation and negligence, those claims are made as alternative causes of actions in the event that the misconduct described therein are not subject to or are outside the scope of the exclusive remedy provisions of Title 49 of the Montana Codes Annotated.

6

## COUNT I

### Violation of Title VII

22. Defendant Miles City discriminated against Police Chief Lissa Power because she is a woman and because she engaged in protected activities in violation of her rights under Title VII of the Civil Rights Act of 1964 as amended.

23. Plaintiff has exhausted her administrative remedies. Less than 90 days ago, she was served with her right to sue notice by the EEOC.

24. Plaintiff is entitled to an award of damages and an order of equitable relief as permitted by the Civil Rights Act of 1991.

## COUNT II

### Violations of Section 1983

25. Defendants Miles City and Grenz discriminated against Chief Power because she is a woman and retaliated against her for speaking publicly on matters of public concern (the misconduct of public official Grenz and the failures of other public officials to address and correct that misconduct) in violation of her constitutionally protected rights under the First and Fourteenth Amendments of the U. S. Constitution and actionable under 42 U.S.C. §1983.

26. Plaintiff is entitled to an award of damages against the defendants and each of them, and to an award of punitive damages against Grenz, and to an order of equitable relief as permitted by law.

## COUNT III

### Violations of the State Human Rights Act and Governmental Code of Fair Practices

27. Defendant Miles City and Grenz discriminated against Chief Power because she is a woman and retaliated against her because she engaged in protected activities in violation of her rights under Sections 49-2-301, 49-2-303, 49-2-308 and in breach of the defendants' affirmative duties under Sections 49-3-

201, 49-3-205 and 49-3-3-209 of Title 49 of the Montana Codes Annotated.

28. Plaintiff has exhausted her administrative remedies in regards to those violations and less than 90 days ago was served with a notice of her right to sue under Title 49.

29. Chief Power is entitled to an award of compensatory damages against each of the defendants and to an order of equitable relief as permitted by Section 49-2-506(1), MCA.

## COUNT IV

### Defamation

30. Defendant Grenz defamed plaintiff.

31. Chief Power is entitled to an award of compensatory and punitive damages against the defendant Grenz.

## COUNT V

### Negligence

32. Defendant Miles City had a duty to supervise the conduct of Grenz in accordance with generally accepted personnel practices, the city breached that duty, the breach of that duty caused harm to the plaintiff.

33. Chief Power is entitled to an award of compensatory damages against the city for the ham caused thereby.

WHEREFORE, plaintiff Chief Power requests that judgment granted in her favor and against each of the defendants and further requests that the Court enter an order:

A. Awarding compensatory damages to the plaintiff and against the defendants, jointly and severally, in an amount to be determined by a jury sufficient to compensate her for the injuries and other harm caused by the wrongful acts of the defendants as described above;

B. Awarding punitive damages to the plaintiff and against the defendant Grenz in

an amount to be determined by a jury sufficient to punish Grenz and sufficient to deter him and others from engaging in similar misconduct in the future;

C. Enjoining each of the defendants from engaging in similar acts of illegal discrimination and illegal acts of retaliation in the future;

D. Requiring each of the defendants to perform certain affirmative acts which the evidence presented at trial shows is necessary to minimize the likelihood of future acts of illegal discrimination or retaliation in the future;

E. Declaring the plaintiff to be the prevailing party in this action and awarding plaintiff, in appropriate post judgment proceedings, her costs and fees incurred in prosecuting this action;

F. Awarding plaintiff such other and further relief as the Court deems just and equitable.

Signed this July 31, 2006.

_____
Timothy C. Kelly, Attorney for Plaintiff Police Chief Lissa Power

## JURY TRIAL REQUESTED

Pursuant to the Federal Rules of Civil Procedure, Plaintiff requests a jury on the trial of these causes of action as permitted by law.

_____
Attorney for Plaintiff

9

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET
Case 1:06-cv-00110-CSO    Document 1    Filed 08/02/06    Page 10 of 10

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LISSA POWER

## DEFENDANTS
Chris Butch Grenz and City of Miles City

(b) County of Residence of First Listed Plaintiff: **Custer County MT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Custer County MT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CV-06-110-BLG-RWA

(c) Attorney's (Firm Name, Address, and Telephone Number)
Timothy C. Kelly, Kelly Law Office, P O Box 65, Emigrant, Montana 59027
Phone 406/333-4111; Fax 406/333-9073

Attorneys (If Known)
ATTORNEYS ASSIGNED TO THIS CASE NOT PRESENTLY KNOWN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ✔ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ✔ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ✔ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of TITLE VII (Employment Discrimination based on gender/retaliation) Section 1983 (First/Fourteenth Amendment Rights)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$ and Equitable**
CHECK YES only if demanded in complaint:
JURY DEMAND: ✔ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE **NA**     DOCKET NUMBER

DATE **7/3/06**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____